**Sealed**

Public and unofficial staff access
to this instrument are
prohibited by court order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 8 2019

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. |
| | § | |
| BENITO DE LA CRUZ, JR. | § | |
| ARMANDO GONZALEZ, JR. | § | B-19-521 |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### Conspiracy (18 USC 371)

### INTRODUCTION

**At all times material to this indictment:**

Cameron County Precinct 5, has offices in Harlingen and La Feria, Texas. Officers who work for a County Constable Precinct are certified peace officers charged with the duty to preserve the peace and are authorized to prevent and suppress crime in Cameron County, Texas.

**BENITO DE LA CRUZ, JR. ("DE LA CRUZ")**, defendant herein, was a duly appointed deputy constable for Cameron County Precinct 5 from approximately March 2007 to October 2017. As a deputy constable, **DE LA CRUZ** served as a certified peace officer charged with the duty to preserve the peace who is authorized to prevent and suppress crime in Cameron County, Texas.

**ARMANDO GONZALEZ, JR. ("GONZALEZ")**, defendant herein, was a duly appointed deputy constable for Cameron County Precinct 5 from October 2010 to September 2016. As a deputy constable, **GONZALEZ** served as a certified peace officer

1

charged with the duty to preserve the peace who is authorized to prevent and suppress crime in Cameron County, Texas.

A "license plate check" is a request for information by a law enforcement officer that would generally reveal the registered owner of a vehicle, a reported address for the owner of the vehicle, the make, and the model of the vehicle.

A "criminal history check" is a request for information by a law enforcement officer that would reveal, among other information, an individual's name, reported address, arrests, convictions, sentences, and personally identifiable information.

Law enforcement officers make license plate or criminal history checks through the Texas Law Enforcement Telecommunications System (TLETS).  TLETS is a computer-based database system that provides to law enforcement personally identifiable information regarding citizens, criminal histories, and information concerning vehicles. The TLETS System transmits a request for information by interstate wire to the National Crime Information Center (NCIC) database, which is maintained on servers located in Clarksburg, West Virginia.  The NCIC database then provides the requested information by return interstate wire to the requesting law enforcement agency in Texas.

Law enforcement officers regularly conduct license plate checks and criminal history checks as part of their official duties.  The information retrieved through a license plate or criminal history check may be used only for legislatively authorized purposes. Conducting these checks for, and releasing the information to, private citizens is not an authorized use or purpose.

## THE CONSPIRACY

From in or about January 2015 and up to the presentment of the indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, Defendants,

**BENITO DE LA CRUZ, JR.**
**and**
**ARMANDO GONZALEZ, JR.,**

did knowingly combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury to commit the following offenses against the United States:

while acting under color of official right, did wrongfully and knowingly obtain property from and with the consent of another, and did obstruct, delay and affect interstate and foreign commerce, in violation of Title 18, United States Code, Section 1951(a); and

to devise and intend to devise a scheme and artifice to defraud and deprive Cameron County of the intangible right of honest services of its employees, BENITO DE LA CRUZ, JR. and ARMANDO GONZALEZ, JR., and transmitting and causing to be transmitted certain wire communications in interstate and foreign commerce, for the purpose of executing the scheme, in violation of Title 18, United States Code, Sections 1343 and 1346.

## MANNER AND MEANS OF THE CONSPIRACY

It was a part of the conspiracy that:

- Defendants, co-conspirators, and agents engaged in a scheme in which they requested another individual to access TLETS for the purpose of obtaining information through a license plate check or criminal history check for personal gain.

3

- A Cooperating Individual would request that the Defendants, co-conspirators, and agents run license plate or criminal history checks.  In violation of their official duties and responsibilities, the Defendants conducted the checks and released the information to the Cooperating Individual in exchange for receiving monetary gain, in the form of cash and/or gift cards.

- Defendants, co-conspirators, and agents conducted the checks by asking a TLETS operator to access the TLETS computer database for the purpose of obtaining information through a license plate check or criminal history check.

- The Cooperating Individual told **GONZALEZ** and **DE LA CRUZ** that the Cooperating Individual had been involved in drug trafficking in the past and that the Cooperating Individual was under court supervision for drug trafficking.

- At various times during this conspiracy, the Cooperating Individual told **GONZALEZ** and **DE LA CRUZ** that the Cooperating Individual needed information regarding vehicles or an individual's criminal history in order to advance drug trafficking activities.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the Defendants, and their co-conspirators, committed the following overt acts, among others, on or about the following dates:

**May 4, 2016-(License Plate Check)**

On May 4, 2016, a Cooperating Individual asked another individual to run a license plate check.

4

**GONZALEZ** called the Cooperating Individual about the information that was needed.

The Cooperating Individual gave **GONZALEZ** a license plate number designated by law enforcement;

**GONZALEZ** requested and obtained a TLETS check on the law enforcement designated license plate.

A few minutes later, **GONZALEZ** called the Cooperating Individual back and relayed the results of the license plate check to the Cooperating Individual.

During this call, **GONZALEZ** told the Cooperating Individual that the license plate check was associated with an individual in Houston, Texas.

**GONZALEZ** asked if the Cooperating Individual knew anyone in Houston.

The Cooperating Individual told **GONZALEZ** that all of the Cooperating Individual's "connections" were in Houston.

## May 6, 2016 (Bass Pro Shop $50.00 Gift Card)

On May 6, 2016, the Cooperating Individual went to the Precinct 5 Constable's Office in Harlingen, Texas.

The Cooperating Individual told **DE LA CRUZ** that the Cooperating Individual was there to deliver a $50.00 Bass Pro Shop gift card to **GONZALEZ**, because **GONZALEZ** conducted the license plate check on May 4, 2016.

While at this meeting, **DE LA CRUZ** and the Cooperating Individual discussed running another license plate through the TLETS system.

The Cooperating Individual provided a law-enforcement-designated license plate number.

Prior to calling the county dispatcher, **DE LA CRUZ** asked if running the license plate came with a gift card.

**DE LA CRUZ** then called a county dispatcher with access to the TLETS system to run a license plate check.

**DE LA CRUZ** told the Cooperating Individual the results of the license plate check.

**DE LA CRUZ** then wrote down the name and registered address associated with the license plate on a piece of paper and provided it to the Cooperating Individual.

The Cooperating Individual told **DE LA CRUZ** that he would get a gift card in exchange for the license plate check.

**DE LA CRUZ** accepted a $50.00 Bass Pro Shop gift card from the Cooperating Individual with instructions for **DE LA CRUZ** to split the card with **GONZALEZ** for running the two license plate checks.

On May 8, 2016, **GONZALEZ** spent the $50.00 Bass Pro Shop gift card provided by the Cooperating Individual to purchase items at Bass Pro Shop.

**May 17, 2016 (Applebee's $50.00 Gift Card)**

On May 17, 2016, **DE LA CRUZ** and **GONZALEZ** met with the Cooperating Individual at the Precinct 5 Constable's Office in Harlingen, Texas.

During this meeting, the Cooperating Individual asked **GONZALEZ** to conduct a criminal history check on an individual.

**GONZALEZ** then ran the criminal history check and provided an address associated with that individual to the cooperating individual.

**DE LA CRUZ** then received a $50.00 Applebee's gift card from the Cooperating Individual for performing the license plate check on May 6, 2016.

6

**May 26, 2016-(License Plate Check, $40 in US Currency, and $50 Gift Card)**

On May 26, 2016, the Cooperating Individual called another individual within the Precinct 5 Constable's Office and asked for another license plate check on a law enforcement-designated license plate.

This individual told the Cooperating Individual that he would call **GONZALEZ** to run the check.

Shortly thereafter on May 26, 2016, **GONZALEZ** caused a TLETS report to be run on the license plate.

The Cooperating Individual then called **GONZALEZ** regarding the license plate check.

**GONZALEZ** called the Cooperating Individual back and relayed the name and city associated with the license plate.

On June 8, 2016, the Cooperating Individual went to the Precinct 5 Constable's Office in Harlingen, Texas to pay for the May 26, 2016 license plate check.

The Cooperating Individual met with **GONZALEZ**.

**GONZALEZ** received $40 in U.S. currency and another $50 Bass Pro Shop gift card from the Cooperating Individual.

The Cooperating Individual told **GONZALEZ** that the U.S. currency was intended for **GONZALEZ** and the gift card for another co-conspirator.

**DE LA CRUZ Interview**

On May 15, 2017, federal law enforcement interviewed **DE LA CRUZ** about his knowledge of these license plate checks and other activities by himself and two other

7

members of the Precinct 5 Constable's Office.  During this interview, **DE LA CRUZ** lied about these transactions and other events dealing with the Precinct 5 Constable's Office.

### GONZALEZ Interview

On December 4, 2018, federal law enforcement interviewed **GONZALEZ** about his knowledge of these license plate checks and other activities by himself and two other members of the Precinct 5 Constable's Office.  During this interview, **GONZALEZ** initially denied any knowledge about these transactions and other events dealing with the Precinct 5 Constable's Office and only when confronted with evidence to the contrary, admitted his knowledge and participation.

In violation of Title 18, United States Code, Section 371.

### COUNT TWO
### Hobbs Act (18 USC 1951)

On or about May 6, 2016, in the Southern District of Texas, the defendants,

### BENITO DE LA CRUZ, JR.
### and
### ARMANDO GONZALEZ, JR.,

did knowingly obstruct, delay, and affect in any way and degree commerce and the movement or articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951, that is, Defendants obtained property not due them or their office from a cooperating individual with the cooperating individual's consent, under color of official right.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

### COUNT THREE
### Hobbs Act (18 USC 1951)

On or about May 17, 2016, in the Southern District of Texas, the defendant,

**BENITO DE LA CRUZ, JR.,**

did knowingly obstruct, delay, and affect in any way and degree commerce and the movement or articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951, that is, Defendant obtained property not due him or his office from a cooperating individual with the cooperating individual's consent, under color of official right.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT FOUR
### Hobbs Act (18 USC 1951)

On or about June 8, 2016, in the Southern District of Texas, the defendant,

**ARMANDO GONZALEZ, JR.,**

did knowingly obstruct, delay, and affect in any way and degree commerce and the movement or articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951, that is, Defendant obtained property not due him or his office from a cooperating individual with the cooperating individual's consent, under color of official right.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT FIVE
### Theft of Honest Services (Wire Fraud) (18 USC 1343, 1346)

The Grand Jury realleges the Manner and Means and Overt Acts sections in Count One;

On or about May 4, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**BENITO DE LA CRUZ, JR.**
**and**
**ARMANDO GONZALEZ, JR.,**

defendants herein, aided and abetted by each other and by others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud and deprive Cameron County of the intangible right of their honest services as employees, and transmitted and caused to be transmitted certain wire communications in interstate and foreign commerce, for the purpose of executing the scheme,

In violation of Title 18, United States Code, Sections 1343, 1346 and 2.

## COUNT SIX
**Theft of Honest Services (Wire Fraud) (18 USC 1343, 1346)**

The Grand Jury realleges the Manner and Means and Overt Acts sections in Count One;

On or about May 6, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**BENITO DE LA CRUZ, JR.,**

defendant herein, aided and abetted by others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud and deprive Cameron County of the intangible right of his honest services as an employee, and transmitted and caused to be transmitted certain wire communications in interstate and foreign commerce, for the purpose of executing the scheme,

In violation of Title 18, United States Code, Sections 1343, 1346 and 2.

10

## COUNT SEVEN
### Theft of Honest Services (Wire Fraud) (18 USC 1343, 1346)

The Grand Jury realleges the Manner and Means and Overt Acts sections in Count One;

On or about May 26, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

### ARMANDO GONZALEZ, JR.,

defendant herein, aided and abetted by others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud and deprive Cameron County of the intangible right of his honest services as an employee, and transmitted and caused to be transmitted certain wire communications in interstate and foreign commerce, for the purpose of executing the scheme,

In violation of Title 18, United States Code, Sections 1343, 1346 and 2.

## COUNT EIGHT
### Making False/Fraudulent Statement to a Federal Officer (18 USC 1001)

On or about May 15, 2017, in the Southern District of Texas, the defendant,

### BENITO DE LA CRUZ, JR.,

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation to FBI Special Agent Dan Vause in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the Federal Bureau of Investigation, by stating he did not know of any hidden compartment within the passenger compartment of a 2004 White Nissan Frontier. The statement and representation was false because, as defendant then knew, he had been previously shown the hidden compartment within the passenger compartment of the 2004 White Nissan Frontier.

11

In violation of Title 18, United States Code, Section 1001.

## COUNT NINE
**Making False/Fraudulent Statement to a Federal Officer (18 USC 1001)**

On or about May 15, 2017, in the Southern District of Texas, the defendant,

## BENITO DE LA CRUZ, JR.,

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation to FBI Special Agent Dan Vause in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the Federal Bureau of Investigation, by stating he did not improperly request and obtain Texas Law Enforcement Telecommunications System (TLETS) information which he then relayed to another non-law enforcement individual. The statement and representation was false because, as defendant then knew, he had previously improperly requested and obtained Texas Law Enforcement Telecommunications System (TLETS) information which he then relayed to a non-law enforcement individual.

In violation of Title 18, United States Code, Section 1001.

## COUNT TEN
**Making False/Fraudulent Statement to a Federal Officer (18 USC 1001)**

On or about May 15, 2017, in the Southern District of Texas, the defendant,

## BENITO DE LA CRUZ, JR.,

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation to FBI Special Agent Dan Vause in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the Federal Bureau of Investigation, by stating he was not aware of any other person improperly requesting and obtaining Texas Law Enforcement Telecommunications System (TLETS) information and

relaying that information to another non-law enforcement individual. The statement and representation was false because, as defendant then knew, he was aware of another person improperly requesting and obtaining Texas Law Enforcement Telecommunications System (TLETS) information and aware that the other person relayed the information to a non-law enforcement individual.

In violation of Title 18, United States Code, Section 1001.

### COUNT ELEVEN
**Making False/Fraudulent Statement to a Federal Officer (18 USC 1001)**

On or about May 15, 2017, in the Southern District of Texas, the defendant,

**BENITO DE LA CRUZ, JR.,**

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation to FBI Special Agent Dan Vause in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the Federal Bureau of Investigation, by stating he did not accept money or gifts in return for requesting, obtaining and relaying Texas Law Enforcement Telecommunications System (TLETS) information to another non-law enforcement individual. The statement and representation was false because, as defendant then knew, he had previously accepted money or gifts in return for requesting, obtaining and relaying Texas Law Enforcement Telecommunications System (TLETS) information to a non-law enforcement individual.

In violation of Title 18, United States Code, Section 1001.

### COUNT TWELVE
**Making False/Fraudulent Statement to a Federal Officer (18 USC 1001)**

On or about May 15, 2017, in the Southern District of Texas, the defendant,

**BENITO DE LA CRUZ, JR.,**

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation to FBI Special Agent Dan Vause in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the Federal Bureau of Investigation, by stating he was not aware of any person accepting money or gifts in return for requesting, obtaining and relaying Texas Law Enforcement Telecommunications System (TLETS) information to another non-law enforcement individual. The statement and representation was false because, as defendant then knew, he was previously aware of a person accepting money or gifts in return for requesting, obtaining and relaying Texas Law enforcement Telecommunications System (TLETS) information.

In violation of Title 18, United States Code, Section 1001.

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
UNITED STATES ATTORNEY

*O. Ponce for J.Y*
_____
JODY L. YOUNG
Assistant United States Attorney

*Oscar Ponce*
_____
OSCAR PONCE
Assistant United States Attorney